Wolters Kluwer

**EXHIBIT 5**

## Service of Process Transmittal Summary

**TO:** Maria Mellott, VP,Deputy CCO
GoodLeap, LLC
8781 SIERRA COLLEGE BLVD
ROSEVILLE, CA 95661-5920

**RE:** Process Served in Texas

**FOR:** GOODLEAP, LLC (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | DONACIANO SALINAS LOPEZ AND IMELDA HINOJOSA LOPEZ vs. MERAKI SOLAR, LLC. |
| **CASE #:** | DC2420 |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 01/16/2025 at 14:36 |
| **JURISDICTION SERVED:** | Texas |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification, Maria Mellott maria@goodleap.com |
| | Email Notification, Jay Laifman jlaifman@loanpal.com |
| | Email Notification, David Dixon ddixon@goodleap.com |
| | Email Notification, Yessica Manjarrez ymanjarrez@goodleap.com |
| | Email Notification, Crystal Canonigo ccanonigo@goodleap.com |
| | Email Notification, Catherine Borsetto cborsetto@goodleap.com |
| | Email Notification, Samantha Martin smartin@goodleap.com |
| | Email Notification, DeAnna Smith deanna.smith@goodleap.com |
| | Email Notification, Anna Garvin agarvin@goodleap.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 1999 Bryan Street |
| | Suite 900 |
| | Dallas, TX 75201 |
| | 866-539-8692 |
| | CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Thu, Jan 16, 2025
**Server Name:**          Tracy Edwards

| Entity Served | GOODLEAP LLC |
|---|---|
| Case Number | DC-24-20 |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
| | | |



CLERK OF THE COURT
ORLANDO VELASQUEZ
Starr County COURTHOUSE
RIO GRANDE CITY, TEXAS 78582

Attorney(s)
BRANDON A. KINARD
KGS LAW GROUP
150 W PARKER RD. SUITE 705-B
HOUSTON, TX 77076
LITIGATION@KGSLAWPLLC.COM
KGS@KGSLAWGROUP.COM

## CITATION

TO: GoodLeap LLC
Registered Agent, CT Corporation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201

DEFENDANT, in the hereafter and styled and numbered cause: **DC-24-20**
You are hereby commanded to appear by filing a written answer to the Plaintiffs' **FIRST ORIGINAL PETITION** at or before 10 o'clock A.M. of the Monday next after the expiration of twenty (20) days after the date of service of this citation before the **Honorable Baldemar Garza IN THE 229TH DISTRICT COURT OF STARR COUNTY, TEXAS** at the Court House of said County in Rio Grande City, TX. Said PETITION was filed on the **23rd day of December, 2024** in this cause numbered **DC-24-20** on the docket of said court, and styled,

**DONACIANO SALINAS LOPEZ AND IMELDA HINOJOSA LOPEZ, PLAINTIFF**
**VS.**
**MERAKI SOLAR, LLC, SOLCIUS LLC, AND KARLA TREVINO, DEFENDNTS**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiffs' **FIRST ORIGINAL PETITION** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court of this office, this **23rd day of December, 2024**.



Orlando Velasquez,

Starr County District Clerk
229TH DISTRICT COURT
Starr County, Texas
By: _Ana Martinez_
Deputy Clerk

**NOTICE TO THE DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

# OFFICER'S RETURN

Came to hand on the _____ day of _____, _____ at _____ o'clock _____.M.
Executed at _____, within the County of _____, at _____ o'clock ____.M.
On the _____ day of _____, _____, by delivering to the within named _____
a true copy of this citation together with the accompanying copy of this petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

Not executed, the diligence used to execute being _____; for the following reason _____, the defendant may be found _____
Total fee for serving this citation _____        Sheriff Account No. _____
To certify which witness my hand officialy. _____

Sheriff of Starr County, Texas _____        by: _____ Deputy

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT

In accordance with Rule 107: The officer authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my address is _____.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT
Executed in _____ county, state of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(ID# & expiration of certification)

File No. **DC-24-20**
CITATION FOR PERSONAL SERVICE IN STATE
**DONACIANO SALINAS LOPEZ AND IMELDA HINOJOSA LOPEZ VS. MERAKI SOLAR, LLC.,
SOLCIUS LLC., AND KARLA TREVINO**
229TH DISTRICT COURT
OF STARR COUNTY, TEXAS

### ISSUED
THIS **23**rd day of **December 2024**
Orlando Velasquez
CLERK DISTRICT COURT
BY: _Ana Martinez_
DEPUTY CLERK

### FILED
This _____ day of _____, _____
At _____ o'clock ____.M.
Orlando Velasquez
CLERK OF THE COURT
BY: _____. DEPUTY

| | | |
|---|---|---|
| DONACIANO SALINAS LOPEZ AND | § | IN THE DISTRICT COURT |
| IMELDA HINOJOSA LOPEZ | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| vs. | § | 229ᵗʰ JUDICIAL DISTRICT |
| | § | |
| MERAKI SOLAR, LLC., SOLCIUS | § | |
| LLC., AND KARLA TREVINO | § | |
| *Defendants* | § | STARR COUNTY, TEXAS |

---

## PLAINTIFFS' FIRST AMENDED PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFFS, DONACIANO SALINAS LOPEZ AND IMELDA HINOJOSA LOPEZ, ("Plaintiffs") and complain of MERAKI SOLAR, LLC., SOLCIUS LLC., AND KARLA TREVINO ("Standard"), herein ("Defendants"); Jointly and Severally, and file this Plaintiffs' First Amended Petition and would respectfully show unto the Court the following:

### I. PARTIES

1.      Plaintiff, DONACIANO SALINAS LOPEZ, is a natural person who resides in Rio Grande City, Hidalgo County, Texas.

2.      Plaintiff, IMELDA HINOJOSA LOPEZ, is a natural person who resides in Rio Grande City, Hidalgo County, Texas.

3.      Defendant, MERAKI SOLAR, LLC, is a limited liability company doing business in Texas. This defendant has entered an appearance in this case and will be served in accordance with the certificate of service below.

1

4.     Defendant, SOLCIUS LLC, is a limited liability company doing business in Texas. This defendant has entered an appearance in this case and recently filed a notice of bankruptcy. There is an automatic stay of the case against SOLCIUS, LLC and the Plaintiff will respect the automatic stay while pursuing their case against Goodleap. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 604 (Tex. 2000); *see also Powers v. Texaco, Inc.*, No. 93-7322, 1994 U.S. App. LEXIS 43174, *7-8 (5th Cir. 1994) (citing *Wedgeworth v. Febreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983).

5.     Defendant, KARLA TREVINO, is a natural person who is a citizen of Texas and is an employee for Meraki Solar LLC. Service on this Defendant is pending.

6.     Defendant, Good Leap LLC is a foreign limited liability company that does business in Texas. It may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201

## II. DISCOVERY LEVEL

7.     In accordance with the Texas Rules of Civil Procedure, this case should be conducted under Level Two (2).

## III.  JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction because the damages sought are in excess of the minimum jurisdictional limits of the court and there exists a justiciable controversy for which relief is sought. This Court has personal jurisdiction over this Defendants because they have purposefully availed themselves of the privilege of conducting business in the State of Texas and established minimum contacts sufficient to confer jurisdiction over them, the assumption of jurisdiction over these Defendants will not offend traditional notions of fair play and substantial justice, and is consistent with the constitutional requirements of due process. Defendants should be considered at home in Texas for jurisdictional purposes.

9. Venue is proper in Starr County because all or a substantial part of the actual events or omissions giving rise to Plaintiffs' claims occurred in Starr County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1); *see also* §§ 15.035 (contractual obligation to be performed in Starr County); 15.011 (action for recovery of damages to real property located in Starr County).

**IV. FACTS**

10. Defendant's MERAKI SOLAR, LLC., SOLCIUS LLC., AND KARLA TREVINO is in the business of going door-to-door and soliciting the sale of solar panel systems to homeowners in Texas. The solar panel systems cost tens of thousands of dollars and MERAKI SOLAR, LLC., SOLCIUS LLC., AND KARLA TREVINO works with a third-party financing company to secure financing for the homeowners to pay for these systems. That financing company is GoodLeap LLC. The financing is secured by a lien or other security interest on the homestead. Defendants make several promises to induce sales: they claim that the solar panels will produce all or nearly all of the home's energy needs, that the system will generate enough energy such that the owners can sell energy back to power companies, and that the owners will no longer need to pay electricity bills.

11. Defendant MERAKI SOLAR, LLC., sold, provided, and installed a solar panel system at Plaintiffs' home. The representations made by MERAKI SOLAR, LLC., did not all turn out to be true. Defendant knew or should have known it was false when this representation was made. Karla Trevino is the person who approached Plaintiffs and applied a high-pressure sales pitch on Plaintiffs in their home. Karla Trevino was an agent or employee of MERAKI SOLAR, LLC., at the time of this occurrence. Karla Trevino and MERAKI SOLAR, LLC., all worked together to secure the sale, financing, and lien on Plaintiffs' homestead, and arranged for installation. All of these defendants worked together in a joint venture to take advantage of Plaintiffs comparable lack of experience and knowledge regarding the solar panel system and

3

induced them to purchase and have installed a system that does not meet their energy needs, has a steep cost, and puts Plaintiffs in debt for decades to come with the threat of foreclosure on their home for non-payment.

12. The installation job performed by MERAKI SOLAR, LLC., SOLCIUS LLC., AND KARLA TREVINO damaged Plaintiffs' roof. The roof was damaged by the installers while they performed their work. In addition, the brackets and other attachments of the system were not properly sealed and caused leaking. Plaintiffs now need a roof replacement. The leaking damaged the interior and contents of Plaintiffs' home. Defendant is responsible for this damage. Plaintiffs seek all available remedies allowed by law.

13. GoodLeap LLC acts as the financing company in residential solar panel purchase and installation projects such as the one involving Plaintiffs' home here. GoodLeap relies on solar panel sales and installation companies, such as MERAKI SOLAR, LLC., SOLCIUS LLC., AND KARLA TREVINO to find and solicit customers, and offer those customers financing terms that ostensibly appear favorable to the consumer. Unknown to the consumer, the financing terms include significant, undisclosed fees that are added to the price of the system. GoodLeap LLC's business model includes the offering of low interest rates and quick approvals. But a portion of the amount financed that is delineated as principal is not disbursed to the solar installation company. Rather, GoodLeap LLC retains that portion. This amounts to an undisclosed financing charge treated as a cost of the system. If consumers were aware of the true cost of financing through GoodLeap LLC, then they would shop around for different financing or pay cash. GoodLeap's conduct is the subject of major enforcement actions from the Attorneys General in Minnesota and Tennessee. In this case, GoodLeap LLC used and relied on MERAKI SOLAR, LLC., to find and solicit Plaintiffs and charged Plaintiffs a significant undisclosed financing fee.

14. GoodLeap LLC follows the same business pattern everywhere that it does business. GoodLeap LLC's relationship with the solar panel sales and installation companies, such as MERAKI SOLAR, LLC., SOLCIUS LLC., AND KARLA TREVINO is similar that of a joint venturer or business partner. GoodLeap LLC is aware and either expressly approves or tacitly approves through its actions the business practices of MERAKI SOLAR, LLC., SOLCIUS LLC., AND KARLA TREVINO and other companies that do the same work that MERAKI SOLAR, LLC., SOLCIUS LLC., AND KARLA TREVINO does. Solar panel sales and installation companies such as MERAKI SOLAR, LLC., SOLCIUS LLC., AND KARLA TREVINO are authorized to and actually provide and at times even fill out the forms required by GoodLeap LLC to obtain financing for the consumer. Often times, during the arranging of the financing the customer will never interface with a GoodLeap representative because everything is handled with the sales and installation company. Through its relationships and reliance on solar panel sales and installation companies, GoodLeap LLC representative because everything is handled with the sales and installation company. Through its relationships and reliance on solar panel sales and installation companies, GoodLeap is responsible for those companies' conduct. This includes the conduct of MERAKI SOLAR, LLC., SOLCIUS LLC., AND KARLA TREVINO in this case.

## V. BREACH OF CONTRACT AND PROMISSORY ESTOPPEL

15. Plaintiffs and Defendant entered a contract, Plaintiffs performed the contract, and Defendant failed to perform as described in this Petition. As a result, Plaintiffs suffered damages.

16. With respect to the representations, assurances and promises made by Defendant to Plaintiff, upon which Plaintiff relied to their detriment, Defendant is also liable to Plaintiffs under the doctrine of promissory estoppel, as that term is applied under the laws of the State of Texas.

## VI. TEXAS DECEPTIVE TRADE PRACTICES ACT VIOLATIONS

17.     Defendants engaged in false, misleading, and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices – Consumer Protection Act. Plaintiffs are consumers under the DTPA and Defendants committed multiple violations of that Act.

18.     Unconscionable Action or Course of Action. Defendants engaged in an "unconscionable action or course of action" to the detriment of Plaintiffs as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiffs to a grossly unfair degree.

19.     Violations of Section 17.46(b). Defendants violated section 17.46(b) of the Texas Business and Commerce Code in that Defendant:

(a) caused confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

(b) represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status , affiliation, or connection which the person does not;

(c) represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

(d) misrepresented the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

(e) represented that a guaranty or warranty confers or involves rights or remedies which it does not have or involve; and

(f) failed to disclose information concerning goods or services which was known at the time of the transaction with the intention to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

20.     Breach of Warranty. Defendants breached the warranty of merchantability and the warranty of fitness for a particular purpose, and such breach is actionable under Section 17.50(a)(2) of the Texas Business and Commerce Code. Defendants also breached express warranties made in the contract it entered with Plaintiffs in this matter.

21.     The acts, practices, and omissions complained of were the producing cause of Plaintiffs' damages. Plaintiffs relied on the representations and actions of Defendants to Plaintiffs' detriment.

22.     Defendants' false, misleading and deceptive acts, practices, and omissions were committed knowingly as defined by section 17.45(9) of the Texas Business and Commerce Code, in that Defendants had actual awareness of the falsity, deception, or unfairness of such acts, practices, and or omissions. As a result of these actions, Plaintiffs sustained a high degree of mental pain and distress of such nature, duration, and severity that permits recovery under Texas law.

## VII. FRAUD

23.     Defendants made materially false misrepresentations to Plaintiffs with knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff, and Plaintiffs relied on these representations to their detriment. In addition, Defendants concealed or failed to disclose material facts within the knowledge of Defendants that Defendants knew that Plaintiffs did not have knowledge of the same and did not have equal opportunity to discover the truth, and Defendants intended to induce Plaintiffs to enter into the transaction made the basis of this suit by such concealment or failure to disclose. Defendants' fraud proximately caused the damages described in this Petition.

## VIII. NEGLIGENT MISREPRESENTATION

24.     Defendants supplied false information in the course of their business, profession, or employment, or in the course of a transaction in which Defendant had a pecuniary interest, and that such information was supplied by Defendants for the guidance of Plaintiffs in the transaction described in this Petition. Defendants failed to exercise reasonable care or competence in obtaining or communicating such information. Plaintiffs suffered pecuniary loss which was proximately caused by Plaintiffs' justifiable reliance on such information.

## IX. CONSPIRACY

25.     Defendants, holding themselves out as solar energy system sellers and solar energy system installers, intentionally and fraudulently conspired to engage in the wrongful acts and omissions described in this Petition. The elements of a civil conspiracy claim are (1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as the proximate result. *Massey v. Armco Steel Co.,* 652 S.W.2d 932, 934 (Tex. 1983). Defendants acted in concert and their actions met every element of civil conspiracy as described herein. As a result of this conspiracy, Plaintiffs suffered the damages described herein.

## X. HOLDER IN DUE COURSE

26.     Under the "Holder in Due Course" or "Holder" Rule promulgated by the Federal Trade Commission, consumers can asserts defenses to repayment on their loan or assert a claim for past payments made to a creditor with a qualifying relationship to the seller that made the misrepresentation or failed performance. *See* Code of Fed. Reg. Title 16, Chapter 1, Subchapter D, Part 433. Here, GoodLeap is jointly liable for the causes of action set forth in this case against the solar panel sales and installation company(ies).

27. Similarly, under the Texas Business and Commerce Code Title 1, Chapter 3, GoodLeap LLC is jointly liable for the causes of action set forth above against MERAKI SOLAR, LLC., under the Texas Holder Rule.

## XI. TRUTH IN LENDING

28. Defendants, holding themselves out as solar energy system sellers and solar energy system installers, intentionally and fraudulently conspired to engage in the wrongful acts and omissions described in this Petition. The elements of a civil conspiracy claim are (1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as the proximate result. *Massey v. Armco Steel Co.,* 652 S.W.2d 932, 934 (Tex. 1983). Defendants acted in concert and their actions met every element of civil conspiracy as described herein. As a result of this conspiracy, Plaintiffs suffered the damages described herein.

## XII. FRAUDULENT LIEN

29. Defendants caused a lien to be placed on Plaintiffs' homestead. Texas law makes it unlawful for a person to make, present, or use a document or record with knowledge that it is fraudulent or a fraudulent lien, intend that it be given the same legal effect as a valid document, and intend to cause financial or other injury. All elements are met under these facts and Defendants is liable for the fraudulent lien and financing statement filed or caused to be filed by Defendants.

## XIII. RESPONDEAT SUPERIOR AND JOINT VENTURE

30. Defendants are liable for the torts committed by its employees and agents during the course and scope of their employment and agency. Defendant's employees, owing the same duties identified in this Petition, committed the torts described in this Petition. As a result, Defendant is liable for injuries suffered by Plaintiffs.

31.     There was an express or implied agreement between MERAKI SOLAR, LLC., and GoodLeap LLC related to the sale, installation, and financing of solar panel systems. The agreement included authorization granted by GoodLeap LLC to MERAKI SOLAR, LLC., that permitted MERAKI SOLAR, LLC., to offer financing services on behalf of GoodLeap LLC on terms dictated by GoodLeap LLC a description of the way this arrangement worked is detailed in the Facts section of this petition. The general method of operation here was that the sales and installation company offered financing terms provided by GoodLeap LLC that included misrepresentations as to the price of the system, the financing costs, and the terms of repayment, among other things. There was a community of interest in this venture, an agreement to share profits and any losses, and a mutual right of control or management.

## XIV.  DAMAGES

32.     As a direct and proximate result of Defendants' actions described in this Petition, Plaintiffs suffered damages for which they seek monetary relief of over $100,000.00 but not more than $1,000,000.00:

A.      Mental anguish and emotional distress in the past and future;

B.      Economic damages, including costs to retain an attorney;

C.      Additional damages under the DTPA;

D.      Actual damages;

E.      Consequential damages;

F.      Loss of benefit of the bargain;

G.      Reasonable and necessary attorney's fees incurred in bringing this action;

H.      A declaration, from this Court, that the financing agreement that applies to this transaction is null and void;

I.      Actual and statutory damages as defined in 15 U.S.C. section 1640(a)(1) and (2), and any other applicable statute.

## XV. EXEMPLARY DAMAGES

33.     Defendants' conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants' conduct illustrates not only an attitude of conscious indifference for the rights, safety, and welfare of others, but also shows Defendants' actual and subjective awareness of the dangers of such conduct.

34. Nevertheless, Defendants proceeded with conscious indifference to the rights, safety, or welfare of others, including Plaintiffs. Therefore, Defendants are liable for exemplary/punitive damages.

## XVI.  CONDITIONS PRECEDENT

35.     All conditions precedent to all actions alleged herein have been performed or have occurred as required by Texas law.

## XVII. PRAYER

36.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein and that upon final trial hereof that it be liable and have a judgment against the Defendants for the damages as specified above, plus the costs of Court, pre-judgment and post-judgment interest at the legal rate, and for such other and further relief to which Plaintiffs may be justly entitled under the facts and circumstance, at law or in equity.

Respectfully Submitted,

KGS LAW GROUP

By: /s/ *Brandon A. Kinard*

Brandon A. Kinard
State Bar No. 24079744
Abraham Garcia
State Bar No. 24078005
Carlos A. Saldaña
State Bar No. 24086403
150 W Parker Rd, Suite 705-B
Houston, Texas 77076
Telephone No. (281) 962-7772
Facsimile No. (281) 962-7773
Email: kgs@kgslawgroup.com
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded Defendant(s), all counsel of record, and/or parties on the 23rd day of December 2024 pursuant to Texas Rules of Civil Procedure 21a.

*/s/ Brandon A. Kinard*
**Brandon A. Kinard**