**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | |
|---|---|
| **DONACIANO SALINAS LOPEZ AND IMELDA HINOJOSA LOPEZ,** **Plaintiffs,** <br> **v.** <br> **MERAKI SOLAR, LLC., SOLCIUS LLC., KARLA TREVINO, AND GOODLEAP, LLC,** **Defendants.** | **CIVIL ACTION NO. 7:25−cv−00067** |

**DECLARATION OF MARIA MELLOTT**

STATE OF CALIFORNIA §
§
COUNTY OF PLACER §

Pursuant to 28 U.S.C.A. § 1746, I make the following unsworn declaration subject to the penalty of perjury.

1. "My name is Maria Mellott. My date of birth is February 20, 1980, and my address is 8781 Sierra College Blvd., Roseville, California 95661.

2. I am the Vice President and Deputy Chief Compliance Officer at GoodLeap, LLC f/k/a Loanpal, LLC f/k/a Paramount Equity Mortgage, LLC ("GoodLeap"). I have read the Motion to Dismiss Plaintiff's First Amended Petition Pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(1) and Motion to Compel Arbitration to which this Declaration is attached. The facts stated therein are true and correct and within my personal knowledge.

3. In my capacity as VP and Deputy Chief Compliance Officer, I am one of the custodians of the records of GoodLeap.

4. In connection with Plaintiffs' purchase for solar panels for their home, on or about July 29, 2020, Plaintiff executed a Loan Agreement with Loanpal (the "Loan Agreement").[1] On June 2, 2021, Loanpal changed its name to GoodLeap, LLC.[2] Accordingly, here, and throughout the Motion, any reference to GoodLeap necessarily includes Loanpal.

5. The Loan Agreement financed solar panels and installation services Plaintiffs purchased from Solcius, LLC ("Solcius"). Indeed, on or about August 3, 2020, Plaintiffs executed a Purchase Agreement for solar system installation with Solcius memorializing the terms of their agreement (the "Purchase Agreement").[3]

6. In the event a potential customer expresses interest in moving forward with financing the purchase of a home solar system, the customer has the ability to complete an application for financing via GoodLeap's internet-based application process. As a part of that application process, GoodLeap obtains a primary email address to facilitate communication and the sharing of documents and information and, for the purposes of determining whether the customer qualifies for the loan, the customer provides personal identifiable information, including, among other items of information, the customer's address, date of birth, and the last four digits of the customer's Social Security number.

7. If the application for financing is approved, GoodLeap then transmits to the customer's email address any key information and documents, including their proposed individualized financing terms.

---

[1] A true and correct copy of the Loan Agreement is attached hereto as Exhibit A-1 and is incorporated herein by reference.

[2] A true and correct copy of the Amendment to Registration changing Loanpal's name to GoodLeap is attached hereto as Exhibit A-2 and is incorporated herein by reference. References herein to GoodLeap shall necessarily include Loanpal.

[3] A true and correct copy of the Purchase Agreement is attached hereto as Exhibit A-3 and is incorporated herein by reference.

8. After a potential customer receives that information, if he or she is satisfied with the proposed terms of the Loan Agreement, the customer can click a link within the subject email to proceed to the signing of the Loan Agreement. GoodLeap will then transmit the Loan Agreement to the customer via email for signature through DocuSign. The customer is then presented with the Loan Agreement for review and electronic signature.

9. Documents transmitted via DocuSign can only be opened by an individual with access to the customer-provided email address.

10. Once the Loan Agreement is signed, GoodLeap receives a DocuSign certificate for each Loan Agreement executed via DocuSign. The DocuSign certificate records the date and time of the execution of the Loan Agreement document by the customer, among other key information.

11. After a customer has executed the Loan Agreement, the customer receives executed versions of the same for their records through DocuSign. The executed copies are transmitted to the customer-provided email address and can only be accessed there. The same process described herein applied when GoodLeap was operating under the Loanpal name.

12. The Loan Agreement in this case was executed by Plaintiffs via DocuSign on July 29, 2020. The email address associated with Plaintiffs' DocuSign signature is Imeldah2410@gmail.com.[4]

13. Consequently, Plaintiffs entered into a valid Loan Agreement with GoodLeap (f/k/a LoanPal). Section 15 of the Loan Agreement provides: "[t]odas las reclamaciones y disputas que surjan de o en relación con este Contrato . . . serán resueltas por arbitraje vinculante de forma individual." The remainder of the paragraph containing the arbitration provision is translated as follows:

[4] A true and correct copy of the DocuSign Certificate of Completion is attached hereto as Exhibit A-4 and is incorporated herein by reference.

The arbitrator shall also decide any issues relating to the making, validity, enforcement, or scope of this arbitration agreement, arbitrability, defenses to arbitration including unconscionability, or the validity of the jury trial, class action or representative action waivers (collectively, "arbitrability" issues). YOU HEREBY WAIVE ANY CONSTITUTIONAL AND STATUTORY RIGHTS TO GO TO COURT AND HAVE A TRIAL IN FRONT OF A JURY. FURTHER, UNLESS YOU OPT OUT OF ARBITRATION, YOU ALSO AGREE TO WAIVE ANY RIGHT TO BRING OR PARTICIPATE IN A CLASS OR REPRESENTATIVE ACTION IN COURT OR IN ARBITRATION. The arbitrator shall have the authority to award any relief, including injunctive relief, which is available under applicable law. Each party shall bear the expense of its own counsel, experts, witnesses and preparation and presentation of proofs. However, the arbitrator may award you reasonable attorney's fees and costs if this is expressly authorized by applicable law. Upon request, we will pay a portion of the fees and expenses of the arbitrator and the administrative fees and expenses of the arbitration. The arbitrator shall issue a written award describing the essential findings supporting the award. All hearings in the arbitration shall take place within the federal judicial district where the Residence is located; the arbitrator's award shall be final and judgment on the arbitrator's award may be entered by the federal District Court. The arbitration shall be administered by JAMS pursuant to its Streamlined Arbitration Rules (the "Rules"). A copy of the JAMS Streamlined Arbitration Rules can be obtained from JAMS at https://www.jamsadr.com/rules-streamlined-arbitration or (800) 352-5267. The arbitrator shall be selected from the JAMS panel of neutrals and shall be a retired federal judge, a retired state appellate judge, or a retired state trial judge (in that order of preference). You agree that this agreement to arbitrate may be enforced by us or our affiliates, subsidiaries, or parents, and (g) each of their officers, directors, employees, and agents. This arbitration agreement is made pursuant to a transaction involving interstate commerce. The Federal Arbitration Act (9 U.S.C. §§1-16) (the "FAA") shall govern this agreement to arbitrate including all arbitrability issues. No state law respecting arbitrability issues shall govern this agreement to arbitrate. Subject to and without limiting the foregoing, federal law shall apply to all other issues that arise under federal law and applicable state law as set forth in Section 14 above shall apply to all other issues that arise under state law (without reference to a state's choice of law rules). YOU MAY OPT OUT OF ARBITRATION BY SENDING US WRITTEN NOTICE WITHIN 15 DAYS OF SIGNING THE AGREEMENT STATING THAT YOU WISH TO "OPT OUT OF THE AGREEMENT TO ARBITRATE DISPUTES." THE OPT-OUT NOTICE SHOULD BE SENT TO THE FOLLOWING ADDRESS: LOANPAL, 8781 Sierra College Blvd., Roseville, CA 95661. If you do not opt out, but any part or parts of your agreement to arbitrate are unenforceable then Loanpal and you agree that such specific part or parts shall be of no force or effect and shall be severed, but the remainder of this agreement to arbitrate shall continue in full force and effect. If, however, the entire agreement to arbitrate or your waiver of the right to participate in class, representative or to arbitrate injunctive relief claims is unenforceable then the agreement to arbitrate shall be of no force or effect.

14. I certify that Exhibits A-1 through A-4 attached hereto are kept in the ordinary course of GoodLeap's daily and regular business, GoodLeap typically relies upon the accuracy of the contents of these documents, and all circumstance pertaining to the handling, maintaining, and content of these documents otherwise indicates the trustworthiness of these documents. As a custodian, the entry of these records were made and occurred in the ordinary course of GoodLeap's business, by an employee or a representative of the company who has personal knowledge of the information and maintaining of these records, and the person making the entry and handling of these records has a duty to commit the information, and the same was handled at or near the time of the event recorded.

15. I declare under penalty of perjury that the foregoing is true and correct."

Executed in Placer County, State of California on the 20th day of February, 2025.

By: DocuSigned by: Maria Mellott
2C43507ADC964CF
Maria Mellott