**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **DONACIANO SALINAS LOPEZ AND IMELDA HINOJOSA LOPEZ,** | § | |
| ***Plaintiffs,*** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 7:25-cv-00067** |
| | § | |
| **MERAKI SOLAR, LLC, SOLCIUS LLC, KARLA TREVINO, AND GOODLEAP, LLC** | § | |
| | § | |
| | § | |
| ***Defendants*** | § | |

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

Comes Now, Plaintiffs Donaciano Salinas Lopez and Imelda Hinojosa Lopez, and complain of Defendants Meraki Solar, LLC and GoodLeap, LLC, and file this Plaintiffs' Second Amended Complaint in compliance with the Court's Scheduling Order (Doc. No. 13) and would respectfully show unto the Court the following:

## I. PARTIES

1. Plaintiffs, Donaciano Salinas Lopez and Imelda Hinojosa Lopez, are natural persons who resides in Rio Grande City, Hidalgo County, Texas. They are citizens of Texas.

2. Defendant, Meraki Solar, LLC, is a limited liability company that, upon information and belief, has members who are citizens of Florida, Texas, and New Mexico. This defendant has entered an appearance in this case and will be served in accordance with the Certificate of Service below.

3. Defendant, Solcius, LLC, is a limited liability company doing business in Texas. This defendant has entered an appearance in this case and filed a notice of bankruptcy. There is an automatic stay of the case against Solcius and Plaintiffs will respect the automatic stay while pursuing their case against the other defendants. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 604 (Tex. 2000); *see also Powers v. Texaco, Inc.*, No. 93-7322, 1994 U.S. App. LEXIS 43174, *7-8 (5th Cir. 1994) (citing *Wedgeworth v. Febreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983).

4. Defendant, GoodLeap, LLC is a foreign limited liability company that does business in Texas. It has entered an appearance in this case will be served in accordance with the Certificate of Service below.

## II. JURISDICTION AND VENUE

5. The case was removed to this Court from the 229th District Court, Starr County, Texas, on the basis of federal question jurisdiction. *See* Doc. No. 1; 28 U.S.C. §§ 1331 and 1441(a), (c). GoodLeap averred that Plaintiffs' claim against GoodLeap for violations of the Truth in Lending Act, 25 U.S.C. § 1601, provided for jurisdiction in this Court over that claim. GoodLeap further alleged that the Court can exercise supplemental jurisdiction over all other claims. 28 U.S.C. § 1367.

6. With the filing of this amended complaint, Plaintiffs no longer assert the Truth in Lending Act claim. There is no other federal question in the case. There is also not complete diversity of the parties, as both Plaintiffs and at least one member of Meraki are citizens of the State of Texas. 28 U.S.C. § 1332; *see Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citizenship of LLC determined by citizenship of all of its members). This Court has discretion to maintain the case here or remand it back to state court. *See Brookshire Bros. Holding*

*v. Dayco Prods.*, 554 F.3d 595, 602 (5th Cir. 2009) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial, but this rule is neither mandatory nor absolute[.]").

7. If the case remains in this Court, venue is appropriate here as the state court where this suit was pending is located within the United States District Court for the Southern District of Texas, McAllen Division. 28 U.S.C. §§ 1441, 1446.

## III. FACTS

8. Defendants Meraki Solar and Solcius are in the business of going door-to-door and soliciting the sale of solar panel systems to homeowners in Texas. The solar panel systems cost tens of thousands of dollars and Meraki Solar and Solcius work with a third-party financing company to secure financing for the homeowners to pay for these systems. That financing company is GoodLeap. The financing is secured by a lien or other security interest on the homestead. Defendants make several promises to induce sales: they claim that the solar panels will produce all or nearly all of the home's energy needs, that the system will generate enough energy such that the owners can sell energy back to power companies, and that the owners will no longer need to pay electricity bills.

9. Meraki Solar sold, provided, and installed a solar panel system at Plaintiffs' home. The representations made by Meraki Solar did not all turn out to be true. Defendant knew or should have known it was false when this representation was made. Karla Trevino is the person who approached Plaintiffs and applied a high-pressure sales pitch on Plaintiffs in their home. Karla Trevino was an agent or employee of Meraki Solar/Solcius at the time of this occurrence. Meraki Solar and Solcius, along with their agents, all worked together to secure the sale, financing, and

lien on Plaintiffs' homestead, and arranged for installation. All of these defendants worked together in a joint venture to take advantage of Plaintiffs comparable lack of experience and knowledge regarding the solar panel system and induced them to purchase and have installed a system that does not meet their energy needs, has a steep cost, and puts Plaintiffs in debt for decades to come with the threat of foreclosure on their home for non-payment.

10. Significantly, none of the terms of financing were disclosed to Plaintiffs. The existence of a separate company that would finance the system was not discussed with Plaintiffs. Although Plaintiffs recall that the name "Loanpal"[1] was mentioned at one point in time, it was brought up in passing. The role of the company was never explained, and neither the Loanpal/GoodLeap contract nor its terms were disclosed or explained to Plaintiffs.

11. The installation job performed by Meraki Solar and Solicus and their agents damaged Plaintiffs' roof. The roof was damaged by the installers while they performed their work. In addition, the brackets and other attachments of the system were not properly sealed and caused leaking. Plaintiffs now need a roof replacement. The leaking damaged the interior and contents of Plaintiffs' home. Defendant is responsible for this damage. Plaintiffs seek all available remedies allowed by law.

12. GoodLeap acts as the financing company in residential solar panel purchase and installation projects such as the one involving Plaintiffs' home here. GoodLeap relies on solar panel sales and installation companies, such as Meraki Solar and Solcius, to find and solicit customers, and offer those customers financing terms that ostensibly appear favorable to the

---

[1] Loanpal changed its name to GoodLeap.

consumer. Unknown to the consumer, the financing terms include significant, undisclosed fees that are added to the price of the system. GoodLeap's business model includes the offering of low interest rates and quick approvals. But a portion of the amount financed that is delineated as principal is not disbursed to the solar installation company. Rather, GoodLeap retains that portion. This amounts to an undisclosed financing charge treated as a cost of the system. If consumers were aware of the true cost of financing through GoodLeap, then they would shop around for different financing or pay cash. GoodLeap's conduct is the subject of major enforcement actions from the Attorneys General in Minnesota and Tennessee.

13. GoodLeap follows the same business pattern everywhere that it does business. GoodLeap's relationship with the solar panel sales and installation companies, such as Meraki Solar, is similar that of a joint venturer or business partner. GoodLeap is aware and either expressly approves or tacitly approves through its actions the business practices of Meraki Solar and Solcius and other companies that do the same work that these companies do. Solar panel sales and installation companies such as Meraki Solar and Solcius are authorized to and actually provide and at times even fill out the forms required by GoodLeap to obtain financing for the consumer. Often times, during the arranging of the financing the customer will never interface with a GoodLeap representative because everything is handled with the sales and installation company. Through its relationships and reliance on solar panel sales and installation companies, GoodLeap is responsible for those companies' conduct. This includes the conduct of Meraki Solar and Solcius in this case.

## IV. BREACH OF CONTRACT AND PROMISSORY ESTOPPEL

14. Plaintiffs and Defendants Meraki and Solcius entered a contract, Plaintiffs performed the contract, and Defendants failed to perform as described in this Petition. As a result, Plaintiffs suffered damages.

15. With respect to the representations, assurances and promises made by Defendants Meraki and Solcius to Plaintiff, upon which Plaintiff relied to their detriment, these defendants are also liable to Plaintiffs under the doctrine of promissory estoppel, as that term is applied under the laws of the State of Texas.

## V. TEXAS DECEPTIVE TRADE PRACTICES ACT VIOLATIONS

16. All Defendants engaged in false, misleading, and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices – Consumer Protection Act. Plaintiffs are consumers under the DTPA and Defendants committed multiple violations of that Act.

17. Unconscionable Action or Course of Action. Defendants engaged in an "unconscionable action or course of action" to the detriment of Plaintiffs as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiffs to a grossly unfair degree.

18. Violations of Section 17.46(b). Defendants violated section 17.46(b) of the Texas Business and Commerce Code in that Defendants:

(a) caused confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

(b) represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status , affiliation, or connection which the person does not;

(c) represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

(d) misrepresented the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

(e) represented that a guaranty or warranty confers or involves rights or remedies which it does not have or involve; and

(f) failed to disclose information concerning goods or services which was known at the time of the transaction with the intention to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

19. Breach of Warranty. Defendants breached the warranty of merchantability and the warranty of fitness for a particular purpose, and such breach is actionable under Section 17.50(a)(2) of the Texas Business and Commerce Code. Defendants also breached express warranties made in the contract it entered with Plaintiffs in this matter.

20. The acts, practices, and omissions complained of were the producing cause of Plaintiffs' damages. Plaintiffs relied on the representations and actions of Defendants to Plaintiffs' detriment.

21. Defendants' false, misleading and deceptive acts, practices, and omissions were committed knowingly as defined by section 17.45(9) of the Texas Business and Commerce Code, in that Defendants had actual awareness of the falsity, deception, or unfairness of such acts,

practices, and or omissions. As a result of these actions, Plaintiffs sustained a high degree of mental pain and distress of such nature, duration, and severity that permits recovery under Texas law.

## VI. FRAUD

22. Defendants made materially false misrepresentations to Plaintiffs with knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff, and Plaintiffs relied on these representations to their detriment. In addition, Defendants concealed or failed to disclose material facts within the knowledge of Defendants that Defendants knew that Plaintiffs did not have knowledge of the same and did not have equal opportunity to discover the truth, and Defendants intended to induce Plaintiffs to enter into the transaction made the basis of this suit by such concealment or failure to disclose. Defendants' fraud proximately caused the damages described in this Petition.

## VII. NEGLIGENT MISREPRESENTATION

23. Defendants supplied false information in the course of their business, profession, or employment, or in the course of a transaction in which Defendant had a pecuniary interest, and that such information was supplied by Defendants for the guidance of Plaintiffs in the transaction described in this Petition. Defendants failed to exercise reasonable care or competence in obtaining or communicating such information. Plaintiffs suffered pecuniary loss which was proximately caused by Plaintiffs' justifiable reliance on such information.

## VIII. HOLDER LIABILITY

24. Under the "Holder in Due Course" or "Holder" Rule promulgated by the Federal Trade Commission, consumers can asserts defenses to repayment on their loan or assert a claim for past payments made to a creditor with a qualifying relationship to the seller that made the

misrepresentation or failed performance. *See* Code of Fed. Reg. Title 16, Chapter 1, Subchapter D, Part 433. Here, GoodLeap is jointly liable for the causes of action set forth in this case against the solar panel sales and installation company(ies).

25. Similarly, under the Texas Business and Commerce Code Title 1, Chapter 3, GoodLeap LLC is jointly liable for the causes of action set forth above against Meraki Solar under the Texas Holder Rule.

**IX. FRAUDULENT LIEN**

26. Defendants caused a lien to be placed on Plaintiffs' homestead. Texas law makes it unlawful for a person to make, present, or use a document or record with knowledge that it is fraudulent or a fraudulent lien, intend that it be given the same legal effect as a valid document, and intend to cause financial or other injury. All elements are met under these facts and Defendants is liable for the fraudulent lien and financing statement filed or caused to be filed by Defendants.

**X. RESPONDEAT SUPERIOR AND JOINT VENTURE**

27. Defendants are liable for the torts committed by its employees and agents during the course and scope of their employment and agency. Defendant's employees, owing the same duties identified in this Petition, committed the torts described in this Petition. As a result, Defendants are liable for injuries suffered by Plaintiffs.

28. There was an express or implied agreement between Meraki Solar/Solcius and GoodLeap related to the sale, installation, and financing of solar panel systems. The agreement included authorization granted by GoodLeap to Meraki Solar/Solcius that permitted Meraki Solar/Solcius to offer financing services on behalf of GoodLeap on terms dictated by GoodLeap. A description of the way this arrangement worked is detailed in the Facts section of this petition.

The general method of operation here was that the sales and installation company offered financing terms provided by GoodLeap that included misrepresentations as to the price of the system, the financing costs, and the terms of repayment, among other things. There was a community of interest in this venture, an agreement to share profits and any losses, and a mutual right of control or management.

## XI. DAMAGES

29. As a direct and proximate result of Defendants' actions described in this Petition, Plaintiffs suffered damages for which they seek monetary relief of over $100,000.00 but not more than $1,000,000.00:

A. Mental anguish and emotional distress in the past and future;

B. Economic damages, including costs to retain an attorney;

C. Additional damages under the DTPA;

D. Actual damages;

E. Consequential damages;

F. Loss of benefit of the bargain;

G. Reasonable and necessary attorney's fees incurred in bringing this action; and

H. A declaration, from this Court, that the financing agreement that applies to this transaction is null and void.

## XII. EXEMPLARY DAMAGES

30. Defendants' conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of

the potential harm to others. Defendants' conduct illustrates not only an attitude of conscious indifference for the rights, safety, and welfare of others, but also shows Defendants' actual and subjective awareness of the dangers of such conduct.

31. Nevertheless, Defendants proceeded with conscious indifference to the rights, safety, or welfare of others, including Plaintiffs. Therefore, Defendants are liable for exemplary/punitive damages.

## XIII. CONDITIONS PRECEDENT

32. All conditions precedent to all actions alleged herein have been performed or have occurred as required by Texas law.

33. As to any cause of action for which the limitations period may have ran, Plaintiffs invoke the discovery rule, as they did not become aware of the fraudulent nature of Defendants' actions until much later in time after the system was installed and then failed to produce. Plaintiffs additionally invoke the fraudulent concealment doctrine, as Defendant is unable to avoid liability for its actions by concealing its wrongdoing.

## XIV. PRAYER

34. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein and that upon final trial hereof that it be liable and have a judgment against the Defendants for the damages as specified above, plus the costs of Court, pre-judgment and post-judgment interest at the legal rate, and for such other and further relief to which Plaintiffs may be justly entitled under the facts and circumstance, at law or in equity.

Respectfully Submitted,

KGS LAW GROUP

By: /s/ *Brandon A. Kinard*

Brandon A. Kinard
State Bar No. 24079744
Abraham Garcia
State Bar No. 24078005
Carlos A. Saldaña
State Bar No. 24086403
150 W Parker Rd, Suite 705-B
Houston, Texas 77076
Telephone No. (281) 962-7772
Facsimile No. (281) 962-7773
Email: kgs@kgslawgroup.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded Defendant(s), all counsel of record, and/or parties on the 14th day of July 2025 pursuant to the Federal Rules of Civil Procedure.

*/s/ Brandon A. Kinard*
**Brandon A. Kinard**